**Jefferson Robert GRIFFIN, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 383S79.**

Supreme Court of Indiana.

April 19, 1984.

Susan K. Carpenter, Public Defender, Kurt A. Young, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Jefferson Robert Griffin, Jr., and two accomplices brutally beat two men while all were inmates in the Jay County Jail on December 15, 1979. Appellant was charged with murder and battery. The Jay Circuit Court transferred Appellant's case to the Wayne Superior Court by agreement of the parties. Appellant subsequently tendered pleas of guilty to class B felony voluntary manslaughter and to class C felony battery pursuant to a written plea bargain agreement entered into with the State. The trial court accepted the agreement, granted Appellant's motion to enter guilty pleas and sentenced Appellant to an aggregate term of twenty-five years imprisonment. The trial court

committed Appellant to the Indiana Department of Corrections. Appellant now directly appeals and argues that the trial court erred by denying his verified motion for specific performance of his plea agreement.

Appellant's written plea bargain agreement included the following provision:

"3) The State of Indiana *shall recommend* to the Court the following with respect to the defendant's sentence:

. . . . .

c. Other: That the Defendant serve his period of confinement in a non-contiguous state penal institution pursuant to the Interstate Corrections Compact, I.C. 11–8–4–1 et seq." (emphasis added).

Appellant now complains because he was committed to the custody of the Indiana Department of Corrections.

 It is well-settled that the terms of a plea agreement are binding upon a trial court when accepted by the trial court insofar as said terms are within the power of the trial court to order. Ind.Code § 35–5–6–2(b) (Burns 1979) [repealed effective September 1, 1982]; Ind.Code § 35–35–3–3(d) (Burns Supp.1983); *see Phillips v. State,* (1982) Ind., 441 N.E.2d 201. In the present case, Appellant mistakenly brings his appeal based upon one portion of his plea agreement which he interprets out of its proper and necessary context. Appellant specifically argues that his plea agreement contained a provision whereby the State was bound to incarcerate Appellant in a "non-contiguous state penal institution." The agreement, however, contains no such promise. The agreement simply provides that the State *shall recommend* to the trial court that Appellant be incarcerated out of state. The trial court clearly was not bound to incarcerate Appellant outside of Indiana as the trial court had absolutely no power to dictate the terms of Appellant's incarceration. Ind.Code § 11–10–2–2 (Burns 1981); *Barnes v. State,* (1982) Ind., 435 N.E.2d 235. The trial court even informed Appellant that the trial court had no power to comply with the State's recommendation. During its hearing on Appel-

lant's motion to enter guilty pleas, the trial court advised:

"... there's no way this Court can cause that to happen, this Court can only commit to the Indiana Department of Corrections and what, what they do with some out of state institution and by way of reciprocity, your back and forth that's in the hands of Department of Corrections and not this Court, do you clearly understand that?

MR. GRIFFIN: Yes sir."

Appellant's plea bargain agreement did not provide that Appellant would be incarcerated out of state but rather provided that the prosecutor would recommend such incarceration. The record does not show that the State's prosecutor took any position inconsistent with his recommendation in the written plea agreement. Accordingly, we find no breach of Appellant's plea bargain agreement.

The trial court is affirmed in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.