**Morris E. PARKER, Jr., Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 22A01–8905–CR–156.

Court of Appeals of Indiana,
First District.

Aug. 28, 1989.

Morris E. Parker, Jr., Westville, pro se.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for State.

ROBERTSON, Judge.

Morris E. Parker, Jr. brings this appeal challenging the denial of his *pro se* motions for modification of sentence and for specific performance of a plea agreement/or in the alternative modification of sentence.

We affirm.

Parker seeks by this appeal to obtain an order directing the Indiana Department of Correction to release him to Kentucky officials so that he may serve the remainder of his prison time in Kentucky. Parker maintains that his guilty plea to three counts of robbery was given based upon the assurance from his attorney, the State, and the trial court that his sentence would be served in the Kentucky prison system, rather than Indiana's. Parker argues in this appeal that:

1) the trial court was under an obligation to honor the plea agreement, including the sentence, entered into and agreed upon by the parties;

2) he was misled during plea negotiations and sentencing to believe that he would serve his sentence in Kentucky; consequently, his guilty plea should be vacated because it was not knowingly and voluntarily given; and,

3) that he received ineffective assistance of counsel.

To clarify the issues before us, we believe it necessary to briefly review the procedural history of the cause. The Floyd Superior Court sentenced Parker pursuant to a written plea agreement on October 23, 1986 to 20 years imprisonment at the Indiana Department of Correction on each of three counts, 10 years on each count to be served and 10 years to be suspended, the terms to be served concurrently with each other and concurrent with any time received in Kentucky. At the time of sentencing, Parker was on probation as a consequence of a felony shoplifting conviction in Kentucky. The record of the guilty plea hearing indicates that Kentucky officials were taking steps to revoke Parker's probation at that time.

Thereafter, on March 20, 1987 and April 6, 1987, in separate causes, Parker pled guilty in Kentucky to seven counts of first degree robbery and two counts of first degree robbery, and received, respectively, 20–year, concurrent terms on each of the seven counts and 15–year, concurrent terms on the remaining two counts, the sentences on the two causes to be served concurrently with each other and concur-rent with the sentence imposed on October 23, 1986, here in Indiana. After conviction and sentencing in Kentucky, Kentucky officials returned Parker to Indiana.

The record in this cause shows that on April 14, 1987, the sentencing court, acting *sua sponte*, issued an order correcting Parker's Judgment and Abstract of Conviction to reflect that Parker "be allowed to serve his sentence in Kentucky." Apparently, the correction generated no response from the Indiana Department of Correction. In June, 1987 Parker filed his first petition for modification of sentence seeking a suspension of the balance of his sentence and causing him to be returned to Kentucky. Thereafter, he filed a series of motions, including a motion for reduction/suspension of sentence, a petition for post-conviction relief, and a habeas corpus petition. Parker alleged in the post-conviction petition that the State exerted improper influence to obtain his plea, that it induced his plea by assuring him that he would be permitted to serve his sentence in Kentucky, and that his plea was not given voluntarily. He asked that the court vacate his plea.

On January 30, 1989 Parker moved to withdraw his post-conviction petition without prejudice and filed the verified motion for specific performance/modification of sentence which is the subject of this appeal. In the memorandum attached to this motion he states that he is not asking the court to vacate his guilty plea but to ensure that he receives what he bargained for by either releasing him to authorities in Kentucky or modifying his sentence in accord with IND.CODE 35–38–1–17 and I.C. 35–50–2–2. The trial court granted Parker leave to withdraw his post-conviction petition, denied all other pending motions, and ruled that by reason of Parker's character and the facts and circumstances surrounding the crime, the interests of society dictated that Parker continue serving the sentence imposed.

We will confine our review to a consideration of Parker's argument that the State breached the terms of its plea agreement with Parker, entitling him to an order com-

pelling specific performance, since Parker did not ask the trial court to vacate his plea. We find an allegation that the plea was given involuntarily only in Parker's petition for post-conviction relief which was withdrawn. Likewise, since Parker's ineffective assistance of counsel claim was not raised below, is directed at counsel's advice with respect to the entering of the guilty plea, and, if found to have merit, would likely result in the plea being vacated, we leave that issue as well for the post-conviction relief setting at which evidence in support of the allegations may be presented. Finally, because Parker does not challenge the trial court's refusal to modify or reduce his original sentence, we will not review that determination here, either. Accordingly, we consider whether the trial court erred in denying Parker the remedy of specific performance.[1]

When a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York* (1971), 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427. However, the relief to which a defendant is ultimately entitled may, depending on the circumstances of the case, be specific performance of the agreement on the plea or the opportunity to withdraw the plea. *Id.* at 264, 92 S.Ct. at 500.

The trial court was correct in concluding that the remedy of specific performance was not warranted in this case for two reasons. First, the agreement itself does not provide as a condition of the plea that the State would recommend Parker be allowed to serve his time in Kentucky, the record does not show that the trial court incorporated that condition as a term of the agreement, and the record does not support a reliance or unilateral contract theory as

existed in *Bowers v. State* (1986), Ind., 500 N.E.2d 203. Second, as Parker concedes, the relief he seeks is beyond the trial court's power to compel.

The plea agreement at issue is contained on a standard form. It provides in pertinent part that in exchange for a plea to the charge, the State agrees to make the following recommendation to the court concerning disposition:

SENTENCE:

A. *20* ~~mos~~/yrs IDC, *10* ~~mos~~/yrs to serve, credit time served from ————. · · ·

B. *10* ~~mos~~/yrs suspended, *10* ~~mos~~/yrs probation.

Written on the agreement is the notation "def. reserves right to Petition for Modification." Other than as provided under section A, the agreement makes no other reference to the place of imprisonment.

 Hence, on the face of the agreement, there is no express promise by the State that it would recommend Parker's sentence be served in Kentucky. It is a well established rule of contract interpretation that when the terms of a contract are unambiguous, there is no need to resort to a construction of the agreement. The parties' intent is determined from their expression of it. *See, e.g. Crabtree v. Lee* (1984), Ind.App., 469 N.E.2d 476. While this dispute cannot necessarily be resolved by an abstract application of contract law, the principles of contract formation, breach and remedies do provide guidance. *Bowers, supra.* The agreement, by its explicit terms, indicates that the State's agreement was to recommend commitment to the Indiana Department of Correction. If as Parker contends, the State agreed to recommend that Parker be institutionalized in Kentucky or it represented to Parker that it could compel or arrange for a transfer to

---

1. Parker indicates in his memorandum in support of the verified motion for specific performance/modification of sentence that he is proceeding pursuant to I.C. 35–38–1–15 which authorizes a sentencing court to correct an erroneous sentence. Presumably, the trial court utilized this power when it ordered the sentence corrected to reflect that Parker would be permitted to serve his sentence in Kentucky. To

the extent that Parker is seeking to have his sentence corrected, he may do so pursuant to this section, although the preferred procedural mechanism is a petition for post-conviction relief. *Gee v. State* (1987), Ind., 508 N.E.2d 787; *Marts v. State* (1985), Ind., 478 N.E.2d 63; *Thompson v. State* (1979), 270 Ind. 677, 389 N.E.2d 274.

Kentucky, that offer was not memorialized in the final plea bargain agreement. *Cf., Ryan v. State* (1985), Ind., 479 N.E.2d 517. As a general rule, in Indiana, oral plea agreements not reduced to writing as required by I.C. 35–35–3–3 may not be specifically enforced. *Hughes v. State* (1987), Ind.App., 508 N.E.2d 1289, 1304, *trans. denied; Hunter v. State* (1985), Ind.App., 477 N.E.2d 317, 319; *Naked City, Inc. v. State* (1984), Ind.App., 460 N.E.2d 151, 156. *But see, Petty v. State* (1989), Ind., 532 N.E.2d 610 and *cf., Bowers, supra.*

Equally unsupportive of Parker's claim that imprisonment in Kentucky was a part of the bargain are the transcripts of the guilty plea and sentencing hearings. At the change of plea hearing, Parker indicated to the court that he intended to enter a plea pursuant to the written agreement. The court read the relevant provisions of the agreement to Parker and asked for clarification of the sentence from defense counsel. The court then read again the provision of the agreement dealing with the sentence, specifically stating that the sentence would be served at the Indiana Department of Correction. Neither Parker nor defense counsel interjected to correct the court and the State affirmed that the trial court's reading of the agreement was correct. Parker then advised the court that he had read the agreement, that he signed it, and that his understanding of the agreement was as the court had dictated it from the agreement on the record. The trial court's question of Parker whether there was anything else did not elicit a response. Parker was asked twice again during this colloquy whether he had been promised anything else or special treatment and Parker twice responded "no." Under similar circumstances, this court has held that the State has an affirmative duty to speak out if the agreement's terms were not being recorded accurately. *See, Richardson v. State* (1983), Ind.App., 456 N.E.2d 1063. It is not unreasonable to hold a criminal defendant to the same standard. *See, Hunter, supra,* (Neal, J., dissenting).

The transcript of the sentencing hearing does disclose some references to Kentucky.

But, in context, they amount to nothing more than a statement of fact that Kentucky officials were seeking to extradite Parker immediately because of criminal matters pending there. At the sentencing hearing, the court did discuss the concurrent nature of Parker's sentences. He advised Parker that if he received less time in Kentucky, he would be returned to Indiana to complete his sentence. The court then remarked that, if Parker did not get less time in Kentucky, he "wouldn't have to be returned at all, if [his] time in Kentucky is all, all here ..." As we read the advisement, the court was notifying Parker that he may not serve any of his time in Indiana. In any event, Parker's construction of the statement as indicating an element of the agreement is simply unreasonable; the advisement came at the end of the sentencing hearing. Parker had already pled guilty at an earlier hearing and the trial court had already pronounced sentence, committing him to the Indiana Department of Correction. Again, Parker gave no indication at the time the remark was made that he misunderstood the sentencing order.

■ We also find, as the Indiana Supreme Court did, in *Petty v. State* (1989), Ind., 532 N.E.2d 610 that the circumstances of record here do not support an enforcement based upon a detrimental reliance theory. Parker need not have performed his end of the bargain before the State could perform; the consideration in this case was an exchange of promises, not a performance for a promise as in *Bowers v. State, supra* where the defendant supplied information enabling the prosecution to obtain a search warrant based upon the prosecutor's word that he would dismiss pending charges. Moreover, in *Bowers* there was no dispute that an agreement was made. Here, the State denies that it ever agreed to such a term and points to the record and written agreement as to the terms of the agreement it did make. Parker has not offered by affidavit or any other means evidence in support of his contention. The trial court therefore could

justifiably disbelieve Parker's naked assertion that such an agreement was reached.

 Alternatively, the trial court might have denied Parker the relief of specific performance despite the court's earlier *sua sponte* correction of sentence because that particular remedy was inappropriate under the circumstances. Our courts have uniformly held that the contemplated benefits of a plea bargain cannot be compelled if such benefits are beyond the court's ability to confer, *see, e.g. Griffin v. State* (1984), Ind., 461 N.E.2d 1123 and *Niece v. State* (1983), Ind.App., 456 N.E.2d 1081, or beyond the power of the court to honor. *See, Payne v. State* (1988), Ind.App., 531 N.E.2d 216 and *Crose v. State* (1985), Ind.App., 482 N.E.2d 763. Parker concedes that the trial court has absolutely no power to dictate the terms of his incarceration. *Griffin, supra.* The determination of the locale for incarceration is a function vested by the legislature in the Department of Correction. *Barnes v. State* (1982), Ind., 435 N.E.2d 235; *Marsh v. State* (1979), 271 Ind. 454, 393 N.E.2d 757; *Dorton v. State* (1981), Ind., 419 N.E.2d 1289. *See, also,* I.C. 35–38–3–2.

For these reasons, we conclude that the trial court committed no error when it refused to compel the Indiana Department of Correction to release Parker to Kentucky officials.[2] Again, we express no opinion on the viability of Parker's contentions that his guilty plea was involuntary or that he received ineffective assistance of counsel.

Judgment affirmed.

RATLIFF, C.J., and CHEZEM, P.J., concur.

---

**2.** Parker's first motion for modification states that Kentucky authorities have refused to accept