Earl P. MEDLOCK, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 82A01–8904–PC–136.

Court of Appeals of Indiana,
First District.

Dec. 19, 1989.

Susan K. Carpenter, Public Defender, Jane Ruemmele, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-petitioner Earl Medlock appeals the denial of his petition for post-conviction relief.

We reverse.

Medlock was originally charged with theft and defrauding a financial institution after authorities discovered that Medlock had opened a bank account using a fictitious corporate entity, had deposited phony Master Card and Visa slips totalling almost $10,000, and then presented and cashed checks at other banks drawn on the business account. A habitual offender count was added later.

Medlock claims he cooperated with federal and state authorities in helping them investigate related schemes involving himself and others, and as a result, secured plea agreements with the State and with federal authorities on federal charges arising out of his illegal activities. At any rate, after negotiations, the State agreed to recommend a six-year sentence if Medlock

would plead guilty to defrauding a financial institution. Medlock accepted the deal.

He filed his petition for post-conviction relief *pro se,* after learning that it would be several months before the public defender's office could represent him. He alleged in his petition that his plea was not voluntary, knowing or intelligent. After a hearing, the court denied relief. Medlock appeals.

## I.

Medlock asserts that the court erred in failing to issue subpoenas to two witnesses: Charles Altman, a detective in the Evansville City Police, and Kevin Bereda, who was an agent of the United States Secret Service. The subpoena request was directed to the court clerk. The clerk failed to issue the subpoenas. According to the clerk's affidavit, the subpoenas were not issued because the court had not "granted" Medlock's request for them, although Medlock's request for subpoenas was directed to the clerk and recited that they were for the purpose of the hearing on post-conviction relief. The record and briefs give no further elucidation as to why the clerk would wait for the court's approval before issuing subpoenas.

In any event, Medlock testified in his own behalf at his hearing on post-conviction relief. His first attempt to testify about promises that Altman and Bereda made to him was met with a hearsay objection from the State. At that, Medlock pointed out that the two had been subpoenaed. The court allowed Medlock's testimony as going to his state of mind when he pled guilty, but did not take up the issue of the absent witnesses. From the state of the record, the only reasonable inference we may draw is that the subpoenas should have been issued by the clerk's office as must be routine, and that their failure to be issued was a misapprehension on the part of the clerk, not chargeable to Medlock. We now examine the legal consequences of the failure to issue subpoenas.

Indiana Rules of Procedure, post-conviction rule 1, § 5 states in part:

All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties. The court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing. The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence.

T.R. 45(A) provides that the clerk shall issue a subpoena signed and sealed but otherwise in blank, to a party requesting it. While it is unclear why subpoenas were not issued directly to Medlock at the time he submitted his request, the parties acknowledged that Medlock's proper request for subpoenas was not honored, apparently because the clerk treated it as a motion upon which the Judge needed to rule.

While acknowledging that the post-conviction court may have erred in neglecting to subpoena petitioner's witnesses, this court concluded the error was harmless because the testimony, sought for the purposes of showing newly-discovered evidence, would not have met the stringent test. *Platt v. State* (1976), 168 Ind.App. 55, 341 N.E.2d 219, 222. Hence, we decide a narrow issue in this case: whether the failure to issue subpoenas to Medlock's witnesses was harmless error, where the testimony may have had an impact on the issue of whether Medlock's plea was voluntary.

The testimony in the instant case was sought to prove Medlock's allegations that his plea was not entered voluntarily, knowingly and intelligently. Medlock asserts that the testimony of Altman and Bereda would have established that they had promised him that his sentence on the federal charge would be five years, that he could serve his time in federal custody and the state and federal time would be concurrent. The state sentencing recommendation contained a provision for a six-year executed sentence in the custody of the Indiana Department of Correction. His attorney defending him on the federal charges informed him that the federal judge could not sentence him to a term concurrent with the state sentence, and his state sentence would be served in state custody.

■ A guilty plea that would waive constitutional rights is neither knowing, intelligent nor voluntary if it is induced by misrepresentation (including unfulfilled or unfulfillable promises).[1] *Wykoff v. Resig* (1985), 613 F.Supp. 1504, citing *Marley v. Johnson* (1984), 467 U.S. 504, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437.

Medlock's assertions regarding promises notwithstanding, the record of the guilty plea documents that Medlock read and signed the sentencing recommendation reciting a six-year executed term to be served at the Indiana Department of Correction. Also, Medlock received a thorough advisement of rights, and was questioned as to the voluntariness of his plea:

> COURT: And do you understand that sentencing recommendation?
>
> DEFENDANT: Yes sir.
>
> COURT: Does it contain all of the agreements between you and your attorney and the State of Indiana as you understand them to be?
>
> DEFENDANT: Yes sir.
>
> COURT: It's got everything in it that you understand you're supposed to get by way of sentencing recommendation?
>
> DEFENDANT: Yes sir.
>
> \* \* \* \* \* \*
>
> COURT: .... Mr. Medlock, has anyone given you anything of value or made any promises to you of leniency or special treatment, other than the sentencing recommendation that would induce you to plead guilty here today?
>
> DEFENDANT: No sir.

■ Generally, in the face of such unequivocal assertions that a defendant's plea is voluntary and not the product of promises ancillary to the agreement, petitioner will likely not be able to prevail on a claim that his plea was induced by unfulfilled promises. W. LaFave, *Criminal Procedure* § 202, at 608 (1984). However, one federal court has allowed a habeas corpus petitioner to present evidence to substantiate her claim that her attorney had promised she would receive probation, even where her allegations were contrary to statements she made at her guilty plea hearing. *United States v. Unger* (8th Cir. 1981), 665 F.2d 251, *cert. denied*, 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308.

■ The same result should prevail here. We hasten to point out that the appellate court is not the proper forum to decide whether a plea was voluntary in the first instance. That assessment of credibility will fall to the post-conviction court, even assuming that the witnesses Bereda and Altman corroborate Medlock's story.[2] We decide only that Medlock should have the opportunity to present witnesses in his behalf, and that the failure to have the subpoenas served was not, therefore, harmless.

This seems to us to be particularly true where, as here, the promises relied upon involved concurrent disposition of federal and state charges, where the petitioner might have reasonably assumed that fulfillment of the promises would occur at some other stage of the proceedings or in some other forum, such as federal court. In fact, in petitioner's sworn post-conviction petition, he claims that the State told him that the judge accepting his state plea could not sentence him to concurrent terms, but the federal judge could do so and the state would not oppose it. Furthermore, Medlock's attorney had not become involved in the bargaining process

---

1. In the Indiana cases which have involved a promise to incarcerate petitioner in a place other than Indiana, the petitioner has claimed that his plea bargain should be specifically enforced. *Griffin v. State* (1984), Ind., 461 N.E.2d 1123; *Parker v. State* (1989), Ind.App., 542 N.E.2d 1026. In *Griffin*, the court held that the plea agreement had not been breached, because the State had only agreed to recommend that Griffin be incarcerated out-of-state, and Griffin had been advised at the guilty plea hearing that the court was not empowered to order Griffin's

time be served out-of-state. 461 N.E.2d at 1124. In *Parker*, the court held that specific performance is not a remedy where the contemplated benefits are beyond the court's power to confer, expressing no opinion on the voluntariness of Parker's plea. 542 N.E.2d at 1030.

2. The post-conviction court found that Medlock was not a credible witness, and discounted his claim that the promises at issue were made.

with federal authorities, taking Medlock at his word that Medlock had been able to arrange concurrent time with federal authorities. R. 175.

Because Medlock's request for subpoenas should have been honored, and the error was not harmless, he should receive a new post-conviction hearing.

## II.

 Medlock raises another issue that we should resolve for Medlock's second post-conviction hearing. He claims the post-conviction court erred by denying his request for court-appointed "special counsel" to either represent him before the post-conviction court or to act as stand-by counsel, in lieu of the public defender. As Medlock recognizes, two supreme court cases hold contrary to Medlock's position: *Majors v. State* (1982), Ind., 441 N.E.2d 1375, and *Murphy v. State* (1985), Ind., 477 N.E.2d 266. Post–Conviction Rule 1, § 9 and IND.CODE 33–1–7–2 prohibit the judge from appointing counsel outside the office of the public defender to represent an indigent petitioner in a post-conviction proceeding. *Id.*

 Moreover, *Jones v. State* (1983), Ind., 449 N.E.2d 1060 is unavailing to Medlock, although it recognizes the desirability of appointing standby counsel to a defendant proceeding *pro se.* 449 N.E.2d at 1064. *Jones* did not involve a post-conviction proceeding; the issue came upon direct appeal of Jones' conviction. Accordingly, the post-conviction court did not err in denying Medlock's request for standby counsel.

As to the error asserted in Section I, the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

RATLIFF, C.J., and CHEZEM, P.J., concur.