Reginald **JEFFRIES**, Appellant–Petitioner,

v.

**STATE of Indiana**, Appellee–Respondent.

No. 49A02–0006–PC–393.

Court of Appeals of Indiana.

March 26, 2001.

ty." Ind.Code § 9–21–8–24.

Reginald Jeffries, Greencastle, IN, Appellant Pro Se.

Karen M. Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Reginald Jeffries pleaded guilty pursuant to a plea agreement to two counts of Burglary, as Class C felonies. He subsequently petitioned for post-conviction relief, which the court denied. Jeffries now appeals, challenging the post-conviction court's judgment.

We reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On September 30, 1998, Jeffries pleaded guilty to two counts of C felony burglary.[1]

---

1. Jeffries had broken into the laundry rooms of two Indianapolis apartment complexes in an effort to steal the money contained in the coin-operated washers and dryers.

His written plea agreement with the State included the following provision:

> At the time of the taking of the guilty plea and again at the time of the defendant's sentencing, the State reserves the right to question witnesses and comment on any evidence presented upon which the Court may rely to determine the sentence to be imposed; to present testimony or statements from the victim(s) or victim representative(s); *and at the time of sentencing will make the following recommendation as to the sentence to be imposed: 6 years executed on each count, to be served concurrently. Also, State will recommend 2 years executed for probation violation under 49G05[-]9305 [-]CF[-]064175 and 49G05[-]9303[-]CF[-]029021 and 4 years executed for probation violation under 49G06[-]9212[-]CF[-]172404.*

Record at 51. The Marion Superior Court, Criminal Division 3 ("Court 3"), accepted Jeffries' plea after informing him of his constitutional rights and determining that the plea was made freely, knowingly, and voluntarily and supported by a sufficient factual basis. Court 3 sentenced Jeffries to six years executed on each count of burglary and ordered the sentences to be served concurrently in accordance with the terms of the plea agreement.

Shortly thereafter, the Marion Superior Court, Criminal Division 5 ("Court 5"), imposed a three-year sentence for Jeffries' probation violation in Cause No. 49G05–9305–CF–064175. The court ordered the sentence to be served concurrent with the sentence imposed for Jeffries' probation violation in Cause No. 49G05–9303–CF–029021 and consecutive to the aggregate six-year sentence imposed by Court 3 on the burglary counts.[2] On April 15, 1999, Jeffries filed a petition for post-conviction relief, alleging in part that his three-year aggregate sentence for the probation violations in Court 5 constituted a breach of the plea agreement entered into in Court 3 on September 30, 1998. The post-conviction court entered findings and conclusions denying relief. This appeal ensued.

## DISCUSSION AND DECISION

 The post-conviction petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1(5). To the extent the post-conviction court denied relief in this case, Jeffries appeals from a negative judgment and faces a rigorous burden of showing that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Williams v. State,* 706 N.E.2d 149, 154 (Ind.1999), *cert. denied,* 529 U.S. 1113, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as contrary to law. *Capps v. State,* 709 N.E.2d 24, 25 (Ind.Ct.App.1999), *trans. denied.*

 Jeffries contends that the aggregate three-year sentence he received for the violations of probation in Cause Nos. 49G05–9305–CF–064175 and 49G05–9303–CF–029021 exceeded the two-year sentence stipulated in the September 30, 1998 plea agreement and constituted a breach of that agreement by Court 3. He thus maintains that the post-conviction court erred when it determined that Court 3 did not breach the plea agreement, and he asks this court to set aside his guilty plea.

 A trial court, exercising its discretion, can either accept or reject the prosecutor's sentence recommendation in a plea agreement. *Dolan v. State,* 420 N.E.2d 1364, 1369 (Ind.Ct.App.1981). If the trial court accepts the prosecutor's recommendation, the court is bound by the terms of that agreement. *Id.* Once the

2. The Marion Superior Court, Criminal Division 6 ("Court 6"), imposed a four-year sentence for the probation violation in Cause No. 49G06–9212–CF–172404, to be served consecutive to the sentences imposed by Court 3 and Court 5. That sentence is not the subject of this appeal.

trial court accepts the prosecutor's recommendation and is bound by the sentencing terms contained therein, any further sentencing discretion of the trial court is foreclosed. *Id.* Nevertheless, it is well settled that the terms of a plea agreement, once accepted by the trial court, are binding upon the court only "insofar as said terms are within the power of the trial court to order." *Griffin v. State,* 461 N.E.2d 1123, 1124 (Ind.1984); *Reffett v. State,* 571 N.E.2d 1227, 1230 (Ind.1991) (observing that once plea is accepted, trial court is bound by all plea agreement terms "which are within its legal power to control"). Our courts have uniformly held that the contemplated benefits of a plea bargain cannot be compelled if such benefits are beyond the trial court's ability to confer or beyond its power to honor. *Parker v. State,* 542 N.E.2d 1026, 1030 (Ind.Ct.App. 1989); *see Griffin,* 461 N.E.2d at 1124 (holding that despite agreement by State to recommend out-of-state incarceration, trial court was without authority to dictate situs of incarceration, and defendant could not compel court to incarcerate him out of state); *Payne v. State,* 531 N.E.2d 216, 218 (Ind.Ct.App.1988) (holding that prosecutor's promise that State would not oppose petition for expungement, where prosecutor did not have power to waive State agencies' rights as to record expungement, did not entitle defendant to specific performance of promise).

Upon accepting Jeffries' plea of guilty, Court 3 imposed an aggregate six-year sentence on the burglary charges, thereby honoring the terms of the plea agreement. However, any sentence resulting from a separate probation violation would have been entirely out of Court 3's scope of authority to impose. Rather, the imposition of a sentence for the violations of probation in Cause Nos. 49G05–9305–CF–064175 and 49G05–9303–CF–029021 was within the exclusive jurisdiction of Court 5. *See* Ind.Code § 35–38–2–1 (governing conditions of probation; noting that if defendant commits an additional crime, court that initially imposed conditions of probation may revoke that probation). Indeed,

Court 3 informed Jeffries on more than one occasion during the guilty plea hearing that he would receive a two-year sentence for the probation violations "*if* the other Courts follow the State's recommendations[,]" Record at 71–72 (emphasis added), and that "*other Judges* will have to order those [sentences.]" Record at 80 (emphasis added). Accordingly, Jeffries would not be entitled to specific performance of the plea agreement term requiring the imposition of an aggregate two-year sentence for the probation violations in Cause Nos. 49G05–9305–CF–064175 and 49G05–9303–CF–029021, a term beyond Court 3's power to honor.

■ It is an entirely different matter, however, when a promise made to a defendant affects the voluntariness of his guilty plea. *See Parker,* 542 N.E.2d at 1030 (treating claim seeking specific performance of plea agreement as distinct from claim challenging voluntariness of plea); *Payne,* 531 N.E.2d at 218 (observing that while prosecutor's promise, which exceeded scope of authority, did not entitle defendant to specific performance of plea agreement term, "[it] might constitute grounds upon which [defendant] could obtain post-conviction relief from the guilty plea"). Indiana Code Section 35–35–1–2 requires a trial court accepting a guilty plea to determine that the defendant: (1) understands the nature of the charges against him; (2) has been informed that a guilty plea effectively waives several constitutional rights, including trial by jury, confrontation of witnesses, compulsory process, and proof of guilt beyond a reasonable doubt without self-incrimination; and (3) has been informed of the maximum and minimum sentences for the crime charged. *State v. Moore,* 678 N.E.2d 1258, 1265 (Ind.1997), *cert. denied,* 523 U.S. 1079, 118 S.Ct. 1528, 140 L.Ed.2d 678 (1998). Our supreme court has emphasized that a "plea entered after the trial judge has reviewed the various rights which a defendant is waiving and made the inquiries called for in [Indiana Code Section 35–35–1–2] is unlikely to be found wanting in a collateral attack." *Id.* (citing

*White v. State*, 497 N.E.2d 893, 905 (Ind. 1986)). On the other hand, defendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief. *Id.* (citing *White*, 497 N.E.2d at 905–06). In particular, "[a] guilty plea that would waive constitutional rights is neither knowing, intelligent nor voluntary if it is induced by misrepresentation *(including unfulfilled or unfulfillable promises)*." *Medlock v. State*, 547 N.E.2d 884, 886 (Ind.Ct.App. 1989) (emphasis added); *see Harris v. State*, 671 N.E.2d 864, 870 (Ind.Ct.App. 1996) (noting that failure of prosecutor to adhere to any promise made which induces guilty plea constitutes breach of plea agreement and renders plea involuntary), *trans. denied.*

Jeffries argued at the post-conviction hearing and again on appeal that his guilty plea should be set aside because he received a greater aggregate sentence for the probation violations in Cause Nos. 49G05–9305–CF–064175 and 49G05–9303–CF–029021 than he was led to believe by the terms of the plea agreement and the circumstances surrounding his guilty plea in Court 3. Jeffries specifically referred the post-conviction court to the transcript of the guilty plea hearing, wherein the following colloquy occurred:

> [Defense Counsel]: ... [J]ust so we're clear ... the sentence to be imposed is six years executed on each count [of burglary] to be served concurrently, and also the State's recommending two years executed on the probation violation under the Court Five cases and four years on the probation violation under the

Court Six cases, and ... those [sentences for the probation violations] are, in fact, part of the plea agreement[.]

> \* \* \*

> [Court 3]: All right. Well, I'll tell you now *if those sentences are not imposed in those Courts as we've discussed here today, I'll set aside your conviction.*
> [Defense Counsel]: Okay. Thanks, Judge.
> [Court 3]: All right. If that's what you wish me to do. All right?
> [Defense Counsel]: Yes, Judge.
> [Court 3]: I mean, I can't—other Judges will have to order those, but I'm telling you *if you don't get the benefit of what you bargained for in those Courts, I'll set aside your plea agreement in this case if you want me to.* Do you understand that, Mr. Jeffries?
> [Jeffries]: Yes, yes.

Record at 80 (emphases added). Court 3 made a promise to Jeffries that if he were not sentenced to two years on the probation violations in Cause Nos. 49G05–9305–CF–064175 and 49G05–9303–CF–029021, it would set aside the plea. A question thus remains whether Jeffries was induced to plead guilty by Court 3's promise and whether Jeffries' guilty plea should be set aside for lack of voluntariness. *See Harris*, 671 N.E.2d at 870.

■ But the post-conviction court's findings and conclusions do not address Jeffries' claim concerning the aggregate three-year sentence he received for probation violations in Court 5.[3] An appellate court is not the proper forum to decide whether a plea was voluntary in the first

---

3. Jeffries presented two claims for relief to the post-conviction court: (1) that the imposition of the sentences for the probation violations in Court 5 and Court 6, consecutive to each other and to the aggregate six-year sentence for the burglary charges, constituted a breach of the plea agreement; and (2) that the imposition of a three-year aggregate sentence for the probation violations in Court 5 constituted a breach of the plea agreement. The post-conviction court's findings and conclusions address only the validity of the consecutive sentences. While Jeffries does not

challenge this particular issue on appeal, we note that the post-conviction court's findings and conclusions are well supported by the record. Contrary to Jeffries' position at the post-conviction hearing, Court 3 specifically advised him of the consecutive nature of his various sentences in Courts 3, 5 and 6 as follows:

> [I]f the Court accepts this plea agreement, the Court will impose a six-year sentence, concurrent on each of the Counts in this Court, and then if the other Courts follow

instance. *Medlock,* 547 N.E.2d at 886. That assessment of credibility will fall to the post-conviction court. *Id.; see Moore,* 678 N.E.2d at 1267 (post-conviction court weighed facts to determine whether defendant "was actually misled into pleading guilty[,]" thereby rendering plea involuntary; appeals court viewed evidence in light most favorable to post-conviction court's judgment). Accordingly, we remand to the post-conviction court for a determination of whether Court 3's unfulfilled promise to Jeffries that his plea would be set aside if he did not receive an aggregate two-year sentence from Court 5 for the probation violations in Cause Nos. 49G05–9305–CF–064175 and 49G05–9303–CF–029021 rendered his plea involuntary.

Reversed and remanded for further proceedings.

KIRSCH and VAIDIK, JJ., concur.

the State's recommendations, ... you're going to receive two years on one cause number in Court Five [concurrent to] the time on another cause number in Court Five for two years, and then you'll also have to serve an additional four years for the cause number in Court Six.

Record at 71. Court 3 informed Jeffries that the sentence "in Court Six will run consecutively [to the sentences in Court Five]" and that "if Court Five and Court Six follow the[ ] recommendations [contained in the plea agreement], you're going to end up with a 12 year total executed term." Record at 72. When Court 3 inquired whether Jeffries understood that, given the consecutive nature of his various sentences, he would receive a twelve-year total executed sentence, Jeffries responded in the affirmative. Record at 72.