Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Aug 15 2013, 5:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Hugh N. Taylor, P.C.
Auburn, IN

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA


| | | |
|---|---|---|
| CHAD MATTHEW HAGAN | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 76A05-1302-CR-63 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |


APPEAL FROM THE STEUBEN SUPERIOR COURT
The Honorable William C. Fee, Judge
Cause No. 76D01-0908-FD-813
76D01-1209-FC-905


**August 15, 2013**


**MEMORANDUM DECISION – NOT FOR PUBLICATION**


**MATHIAS, Judge**

Chad Hagan ("Hagan") was convicted by a jury of Class D felony possession of methamphetamine and Class A misdemeanor invasion of privacy. He later pleaded guilty in another case to Class C felony battery. In a combined sentencing hearing, Hagan was sentenced to a term of three years executed for the Class D felony, to be served consecutive to one year executed for the Class A misdemeanor. Additionally, he agreed in his plea agreement for the Class C felony to a term of three years executed, to be served consecutive to the other two sentences. Hagan argues that the sentencing was inappropriate because the trial court ordered the sentences in the two cases to be served consecutively.

We affirm.

**Facts and Procedural History**

On August 8, 2009, the State charged Hagan with Class D felony possession of methamphetamine and Class A misdemeanor invasion of privacy in case number 76D01-0908-FD-813 ("FD-813"). Hagan was found guilty of both charges by a jury on August 23, 2012. After those convictions, he was charged with Class C felony battery resulting in serious bodily injury under case number 76D01-1209-FC-905 ("FC-905").

Hagan pleaded guilty to Class C felony battery in FC-905 on November 19, 2012. In exchange for his guilty plea in FC-905, which included an agreement to serve a three-year executed sentence, the State agreed to dismiss charges in a number of other, pending cases. The plea agreement also stipulated that the three-year executed sentence was to be served consecutive to the sentence in FD-813.

2

In his plea hearing held on November 19, 2012, Hagan acknowledged that he agreed to a specific sentence, understood his rights as the court had advised them, and that in pleading guilty, he was waiving those rights. Hagan further acknowledged that he understood the terms of the sentencing agreement and that he specifically understood that he was waiving the right to appeal his conviction

At the combined sentencing hearing for both FD-813 and FC-905 held on January 14, 2013, the trial court took into account both Hagan's criminal history and his violation of a protective order as aggravating factors. The trial court sentenced Hagan to three years executed for FD-813's Class D felony possession of methamphetamine conviction, and to one-year on his conviction for Class A misdemeanor invasion of privacy, to be served consecutively. In addition, pursuant to Hagan's plea agreement, the trial court ordered the FD-813 sentences to be served consecutive to the FC-905 sentence. Hagan now appeals.

**Discussion and Decision**

Sentencing decisions rest within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. Id. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id. at 491. A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the

3

record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. Id. at 490–91.

Our supreme court has also held that a defendant may waive the right to appellate review of his or her sentence as part of a written plea agreement. Creech v. State, 887 N.E.2d 73, 75 (Ind. 2008). Although a defendant may still bring a petition for post-conviction relief if he or she "can establish . . . that his plea was coerced or unintelligent," his waiver of any appeal as to the length of his sentence pursuant to a valid plea agreement is enforceable. Id. Additionally, "[o]nce a plea is accepted, a court is bound by all the terms in the plea agreement which are within its legal power to control." Reffett v. State, 571 N.E.2d 1227, 1230 (Ind. 1991) (citing Griffin v. State, 461 N.E.2d 1123 (Ind. 1984)).

Hagan is correct when he asserts that under Indiana Code section 35-38-1-1.3, the trial court must issue a sentencing statement for felony convictions and here, the trial court issued that statement with respect to FD-813. The court indicated at sentencing that it considered several aggravating factors, including the fact that Hagan had a substantial criminal history and had violated a no-contact order in arriving at his sentence. Therefore, the trial court's FD-813 sentencing statement complies with the requirements of Anglemyer.

We next observe that Hagan waived review of his sentence in FC-905. His plea agreement in that case specifically stated, "[d]efendant . . . expressly waives any right to appeal his/her conviction and sentence in this cause either by direct appeal or by post

4

conviction relief." Appellant's App. p. 192. See Creech, 887 N.E.2d at 75. Additionally, the plea agreement stipulates that the three-year executed term will be served "consecutive to FD 813." Appellant's App. p. 192. Thus, under Creech, any review by this court of his sentence in FC-905, of length of sentence or of the trial court's order that it be served consecutive to FD-813, would be improper.

Hagan argues on appeal that whether credit for time served was to be applied to FD-813 or FC-905 was unclear. Hagan notes in his brief that the trial court refers in its sentencing statement to three days served and three days good time credit related to FD-813 and also to 473 days earned and 473 days good time credit related to FC-905, but does not state specifically to which sentence the various credit times will be applied. However, the plea agreement Hagan signed specifically provided for the 473 days served and good credit time to be applied to the sentence in FC-905. Appellant's App. p. 192. When the trial court accepted the plea agreement from FC-905, it effectively foreclosed any opportunity to alter its terms, binding both Hagan and the State to all of its terms, including how any earned credit time was to be applied. See State v. Holloway, 980 N.E.2d 331, 335 (Ind. Ct. App. 2012). With respect to the three-day credit, court documents clearly indicate that the three days credit were to be applied to FD-813. Appellant's App. p. 191. Viewing the record as a whole, we conclude that there is no defect in the application of credit time to Hagan's sentences.

Hagan's brief refers to Indiana Appellate Rule 7(B), but Hagan clearly waived his right to appeal under that rule in his plea agreement. The issue of waiver aside, the trial court issued its sentencing statement on the record, and that statement included

5

aggravating factors and other considerations. Because that statement complies with Anglemyer, and because Hagan's sentence complied with the terms of his plea agreement in FC-905, we conclude that, even if Hagan had not waived his appeal, the trial court did not abuse its discretion, and that Hagan's sentence is not inappropriate in light of the nature of the offenses and the character of the offender.

Affirmed.

NAJAM, J., and BROWN, J., concur.