FILED

Oct 13 2017, 10:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Johnny L. Raley, Jr.
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnny L. Raley, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 13, 2017<br><br>Court of Appeals Case No.<br>88A04-1705-CR-1039<br><br>Appeal from the Washington<br>Superior Court.<br>The Honorable Joseph L. Claypool,<br>Special Judge.<br>Trial Court Cause No.<br>88D01-0410-FA-341 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1]   Johnny L. Raley, Jr., appeals the trial court's denial of his motion to enforce plea agreement.  We affirm.

# Issue

[2] Raley raises one issue, which we restate as: whether the trial court erred in denying Raley's motion to enforce plea agreement.

# Facts and Procedural History

[3] The State charged Raley with three counts of child molesting, all Class A felonies. In 2005, Raley executed a plea agreement with the State. He agreed to plead guilty to one count of child molesting as a Class B felony, and the State agreed to dismiss the remaining charges. The trial court accepted the agreement and sentenced Raley to serve twenty years, with seven years suspended to probation, per the terms of the agreement.

[4] Raley served the executed portion of his sentence and was released to probation in 2011. On January 17, 2014, the State filed a petition to revoke Raley's probation. After numerous delays, the State and Raley (who was at that time represented by counsel) reached an agreement. The parties agreed that Raley would admit to violating the terms of his probation, and Raley would serve three years of his previously-suspended sentence for the violation.

[5] On February 29, 2016, the trial court accepted the parties' agreement, sentencing Raley to serve three years. Staff at the Indiana Department of Correction informed Raley that upon his release, he would be required to register as a sexually violent predator (SVP) for life and to comply with the requirements imposed on SVPs.

On March 16, 2017, Raley, proceeding pro se, filed a motion to enforce plea agreement. He claimed he should not be designated as an SVP because that was not a term of the plea agreement. The court denied Raley's motion without a hearing on April 18, 2017. This appeal followed.

## Discussion and Decision

Raley argues he should not be designated as an SVP because that would amount to an ex post facto punishment in violation of his federal and state constitutional rights. He did not raise this claim in his motion to enforce plea agreement, so it is waived. *See Pigg v. State*, 929 N.E.2d 799, 803 (Ind. Ct. App. 2010) (due process claim waived because it was presented on appeal for the first time), *trans. denied*.

Raley's next claim is that being designated as an SVP amounts to a fundamental alteration of the parties' plea agreement and renders the agreement void. He did not present this argument to the trial court in his motion to enforce plea agreement, so it is also waived. *See id.*

Waiver notwithstanding, Raley's contractual claim is without merit. A defendant who commits a predicate offense such as child molesting, and who is released from incarceration after 1994, is an SVP "by operation of law." Ind. Code § 35-38-1-7.5 (2014). The SVP designation thus is a separate statutory classification that has nothing to do with the terms of the parties' plea agreement and does not render the agreement void. Indeed, Raley obtained the benefits of his bargain with the State: being convicted of a lesser offense than

the three Class A felonies with which he had been charged, and receiving a lower sentence than he might have received if the case had gone to trial and he had been convicted. Similarly, the State benefitted by obtaining a conviction and by not having to expend resources taking the case to trial.

[10] Raley argues that both the State and the trial court are bound by the terms of the plea agreement. We agree that once a trial court accepts a plea agreement, the court is bound by its terms "insofar as said terms are within the power of the trial court to order." *Griffin v. State*, 461 N.E.2d 1123, 1124 (Ind. 1984). Here, the terms of the plea agreement did not preclude SVP status, nor could the trial court have excused Raley from being designated as an SVP pursuant to Indiana Code section 35-38-1-7.5. The court did not have the power to ignore a statutory mandate.

[11] Raley cites *Badger v. State*, 637 N.E.2d 800 (Ind. 1994), in support of his claim, but that case is distinguishable. In *Badger*, the question was whether the trial court had the authority to allow the State to withdraw a plea agreement before the court approved it. The Indiana Supreme Court concluded the trial court had discretion to decide whether to allow the agreement to be withdrawn and did not abuse its discretion because Badger was not prejudiced by withdrawal and had not detrimentally relied on the agreement. The holding in *Badger* is inapplicable here because the State never sought to withdraw the plea agreement with Raley. Raley has failed to demonstrate the trial court erred in denying his motion to enforce plea agreement.

# Conclusion

[12]    For the reasons stated above, we affirm the judgment of the trial court.

[13]    Affirmed.

Mathias, J., and Crone, J., concur.