**Troy E. LINEBERRY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0008–PC–484.

Court of Appeals of Indiana.

May 14, 2001.

David M. Adams, Noblesville, IN, Attorney for Appellant.

Karen Freeman-Wilson, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Troy E. Lineberry appeals the post-conviction court's denial of his petition for post-conviction relief. Lineberry raises one issue on appeal, which we expand and restate as:

1) whether the post-conviction court erred by not granting Lineberry's request for specific performance of the plea agreement; and

2) whether the post-conviction court erred by not allowing Lineberry to withdraw his guilty plea because the plea was involuntary.

We reverse and remand.

The facts most favorable to the post-conviction court's judgment follow. Police arrested Lineberry at his home on May 7, 1995. After Lineberry's arrest, a number of items were seized from his residence. On May 8, 1995, Lineberry was charged with four offenses: possession of marijuana, a class D felony;[1] maintaining a common nuisance, a class D felony;[2] contributing to the delinquency of a minor, a class A misdemeanor;[3] and resisting law enforcement, a class A misdemeanor.[4] At his initial hearing, Lineberry pleaded not guilty to all four charges.

On October 9, 1997, Lineberry filed a motion to suppress the evidence seized from his residence after he was arrested. After a hearing, the trial court denied Lineberry's motion. Following the denial of his motion to suppress, Lineberry agreed to plead guilty to possession of

1. Ind.Code § 35–48–4–11.

2. Ind.Code § 35–48–4–13(b)(1).

3. Ind.Code § 35–46–1–8.

4. Ind.Code § 35–44–3–3(a)(3).

marijuana and contributing to the delinquency of a minor. The plea agreement included the condition that Lineberry would be permitted to appeal the trial court's denial of his motion to suppress. The trial court entered the plea of guilty and sentenced Lineberry. Included in the trial court's judgment was a statement that "defendant may proceed with appeal as to suppression issue." Trial Record, p. 70.[5]

Lineberry filed a direct appeal with this court to challenge the denial of his motion to suppress. After the State filed its appellee's brief, it moved to dismiss the direct appeal because the suppression issue was moot in light of the fact that Lineberry had pleaded guilty to the crimes. We dismissed Lineberry's direct appeal with prejudice.

Then, Lineberry filed a petition for post-conviction relief in which he argued that the State had violated the plea agreement by filing the motion to dismiss his direct appeal and claimed that he "would not have entered the guilty plea herein without the right to appeal the suppression question." Post Conviction Record, p. 15. Following a hearing, the post-conviction court denied Lineberry's petition in a chronological case summary entry without entering findings. Lineberry filed a motion to correct error, which the post-conviction court also denied.

▮▮▮ The standard of review for a trial court's denial of a petition for post-conviction relief is well settled. A petitioner requesting post-conviction relief has the burden to demonstrate his grounds for relief by a preponderance of the evidence. *Harrison v. State*, 707 N.E.2d 767, 773 (Ind.1999) (citing Post Conviction Rule

1(5)), *reh'g denied, cert. denied*, 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643 (2000). When a post-conviction court denies his petition and he appeals, the petitioner is appealing a negative judgment. *Id.* Therefore, to prevail on appeal, the petitioner must demonstrate that the evidence presented in the post-conviction proceeding leads unmistakably only to a conclusion opposite that reached by the post-conviction court. *Id.* When reviewing the post-conviction court's decisions, we neither reweigh the evidence nor judge the credibility of witnesses, and we examine only the probative evidence. *State v. Holmes*, 728 N.E.2d 164, 169 (Ind.2000), *reh'g denied, petition for cert. filed.*

▮▮▮ Before addressing the issues raised by Lineberry, we address one preliminary matter. The post-conviction court's judgment did not include findings of fact or conclusions of law. Another panel of this court recently remanded a case to a post-conviction court for entry of specific findings of fact and conclusions of law regarding whether a plea was involuntary because "an appellate court is not the proper forum to decide whether a plea was voluntary in the first instance." *Jeffries v. State*, 744 N.E.2d 1056, 1060–61 (Ind.Ct. App.2001). However, we choose not to remand this case for findings, but to address the issues presented to us on their merits because the failure of a post-conviction court to provide specific findings is not always reversible error. *See Jackson v. State*, 676 N.E.2d 745, 750 (Ind.Ct.App. 1997), *trans. denied.* Here, the parties do not disagree about the facts. *See infra* pp. 1156–1157, & n. 7. Therefore, the only conclusions the post-conviction court needed to draw were whether Lineberry could receive specific performance of the plea

---

5. We have two records before us in this appeal. We refer to the record that Lineberry prepared for his direct appeal as the "Trial Record." We refer to the record of post-conviction proceedings as the "Post Conviction Record."

agreement and whether Lineberry's plea was involuntary. The post-conviction court's denial of Lineberry's petition indicates that the post-conviction court answered both of these questions in the negative. Given the clarity with which the parties presented the issues, remanding for more specific findings and conclusions is not necessary in this case. *See, e.g., Jackson,* 676 N.E.2d at 750.

### I.

■ The first issue is whether the post-conviction court erred by not granting Lineberry's request for specific performance of the plea agreement. Lineberry argues that one remedy available to him pursuant to his petition for post-conviction relief is specific performance of the plea agreement, wherein he was promised that he would be allowed to appeal the trial court's denial of his motion to suppress the evidence collected when he was arrested. The State argues that post-conviction relief was properly denied because the suppression issue was moot after Lineberry entered his plea of guilty.

■ We agree with the State that the denial of Lineberry's motion to suppress was a moot issue after the court accepted his guilty plea. *See Ford v. State,* 618 N.E.2d 36, 38–39 (Ind.Ct.App.1993) (holding that a defendant cannot question pretrial orders after a guilty plea is entered), *reh'g denied, trans. denied.* Moreover, this court does not render advisory opinions or decide moot issues. *Richardson v. State,* 402 N.E.2d 1012, 1013 (Ind.Ct.App. 1980). While a trial court is bound by the terms of the plea agreement that it accepts, a trial court cannot be forced to provide a benefit that the trial court does not have the power to confer. *See* Ind. Code § 35–35–1–2; *Parker v. State,* 542 N.E.2d 1026, 1030 (Ind.Ct.App.1989). Consequently, despite a plea agreement

and sentence that purported to allow Lineberry to appeal the denial of his motion to suppress evidence, neither the trial court that accepted the plea nor the post-conviction court has the power to grant Lineberry specific performance of that promise. *See, e.g., Parker,* 542 N.E.2d at 1030. Therefore, to the extent that the post-conviction court denied Lineberry's request for post-conviction relief because he requested specific performance of his right to appeal, the post-conviction court committed no error in denying relief. *See, e.g., id.*

However, our analysis does not end here. We next must determine whether Lineberry's plea was involuntary because it was improperly induced by the promise that he could appeal the denial of his motion to suppress the evidence collected when he was arrested. *See Hunter v. State,* 477 N.E.2d 317, 321 (Ind.Ct.App. 1985) ("[T]he question is not whether the alleged agreement can be enforced, it is whether Hunter's guilty plea was improperly induced and thereby involuntary."), *reh'g denied.*

### II.

■ The second issue is whether the post-conviction court erred by not allowing Lineberry to withdraw his guilty plea because the plea was involuntary. Lineberry contends that his guilty plea was involuntary because it was improperly induced by a promise that he could appeal the denial of his motion to suppress. The State contends that Lineberry's plea was not involuntary.

A post-conviction petitioner must be allowed to withdraw his previous guilty plea whenever the withdrawal "is necessary to correct manifest injustice" that occurred because "the plea was not knowingly and voluntarily made." Ind.Code § 35–35–1–4. A trial court should not to accept a plea of

guilty unless it has determined that the plea is voluntary. Ind.Code § 35–35–1–3(a). Before accepting a guilty plea, a trial court judge is required to take steps to insure that a defendant's plea is voluntary. *See* Ind.Code §§ 35–35–1–2; 35–35–1–3. Generally speaking, if a trial court undertakes these steps, a post-conviction petitioner will have a difficult time overturning his guilty plea on collateral attack. *State v. Moore*, 678 N.E.2d 1258, 1265 (Ind. 1997), *reh'g denied.*

However, "defendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief." *Id.* at 1266. To assess whether the plea was voluntary, we review the post-conviction record, including any testimony, and the direct appeal record, including the transcript of the sentencing hearing, the plea agreement, and any oth-er exhibits. *Id.* If a prosecutor made a promise to a defendant, and that promise comprised part of the inducement or consideration for the plea agreement, then that promise must be fulfilled because the breach of such a promise would render the defendant's guilty plea involuntary. *Ryan v. State*, 479 N.E.2d 517, 519 (Ind.1985) (citing *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971)).

There is no dispute between Lineberry and the State about whether Lineberry was promised that he could proceed with the appeal of the denial of his motion to suppress. The promise was written in the plea agreement that Lineberry signed. In addition, during the pleading and sentencing hearing, Lineberry's reservation of his right to appeal was discussed no less than six times.[6] The trial court judge included

---

6. First, as the trial court judge was discussing with Lineberry the rights that he would waive by entering the guilty plea, the following interaction occurred between the judge and Mr. Adams, Lineberry's defense counsel:

> [The Court to Lineberry]: And do you understand that if you were to go to trial and be found guilty you'd have a right to appeal the conviction to the Supreme or the Appellate Court as the case may be and by pleading guilty you're waiving that right also?
>
> MR. ADAMS: Judge, there is a provision of the plea agreement that preserves the right to appeal with regard to the suppression question that the Court heard.
>
> THE COURT: Okay.
>
> MR. ADAMS: So that ... that ...
>
> THE COURT: I ... I see.
>
> MR. ADAMS: ... singular issue that's one right he's not waiving.
>
> THE COURT: All right. Very good. And I understand that.

Record, pp. 173–174.

Second, when the judge went through the proposed plea agreement, he said, "And you're going to reserve the right to appeal the suppression issue." Trial Record, p. 177.

Third, Mr. Adams requested the opportunity to make a record regarding the appeal of the suppression issue. The court granted that request, and Mr. Adams made the following statement:

> For purposes of the record, the Court previously had denied a Motion to Suppress the evidence which is the basis for both of the charges to which Mr. Lineberry is pleading guilty here today. And it's been agreed by the State of Indiana that we may pursue that appeal. If we're successful in that appeal, we'll probably, will undoubtedly, file further proceedings in this matter. Uh, the purpose I guess was to come to trial today and, uh, try the case and if there was a conviction [to] appeal and this is the alternative to that. The State has agreed that nothing by entering into this plea agreement will prevent Mr. Lineberry from pursuing that appeal to the Court of Appeals.

Trial Record, pp. 178–179. The prosecutor responded to this statement by saying, "That's accurate, Your Honor." Trial Record, p. 179.

Fourth, while discussing with Lineberry whether the evidence supported the guilty plea, the trial court said to Lineberry,

> Mr. Lineberry, we ... we talked about this case. We talked about the suppression issues. You're reserving your right to do the

Lineberry's right to appeal in the sentencing order. At the hearing on Lineberry's petition for post-conviction relief, the prosecutor acknowledged that Lineberry was given a right to appeal.

Apparently, Lineberry and the State also agree about the fact that the promise that Lineberry could proceed with the appeal of the suppression issue was part of the inducement that led Lineberry to plead guilty. Lineberry asserts in his brief that he "entered his plea of guilty upon the inducement of being able to proceed with his appeal on the denial of his Motion to Suppress." Appellant's brief, p. 10. In addition, in its brief, the State admits, "Lineberry's reservation of appeal certainly was a benefit that comprised part of the inducement for Lineberry to plead guilty." Appellee's brief, p. 5.

The State contends however, that Lineberry's plea was not involuntary for two reasons: 1) the trial court judge found that Lineberry's plea was voluntary, and 2) "Lineberry also received other significant benefits in the plea agreement, including the dismissal of other charges against him." Appellee's brief, p. 5. We find neither of these arguments compelling.

■ Regarding the State's first claim, according to the trial court's sentencing statement, the trial court found that the plea was entered into voluntarily. During the sentencing hearing, the trial court judge covered the matters required by Ind.Code § 35–35–1–2, which typically means that Lineberry's plea was voluntary. *See Moore*, 678 N.E.2d at 1265. However, as discussed above, a defendant can demonstrate that his guilty plea was involuntary, despite being given the statutory warnings, if he was "misled into pleading guilty by the judge, prosecutor or defense counsel." *Id.* at 1266. In the instant case, the discussion among Lineberry's counsel, the prosecutor, and the trial court all played a part in misleading Lineberry to believe that he could plead guilty and still appeal the denial of the motion to suppress. *See infra* n. 7. The fact that Lineberry was misled allows us to find that his plea was involuntary despite the fact that he was given the statutory warnings.[7] *See Moore*, 678 N.E.2d at 1266. Therefore, this argument by the State fails.

The State's second argument amounts to an allegation that Lineberry's plea was voluntary because, while it rested in part upon the promise of an appeal, it also rested in part on the benefit of some

---

appeal on the suppression issue. You disagree with my ruling. And you have every right to do that. I don't have a problem with that.
Record, p. 186.

Fifth, when the judge asked for any final comments, Mr. Adams replied, "Judge, I think we stated pretty well our positioning preserving the right to appeal the issue." Trial Record, p. 191.

Finally, when the court read its sentencing statement, it said, "We'll note that the defendant is reserving the right to appeal with respect to issues raised in the suppression hearing." Trial Record, p. 193.

7. We acknowledge and do not challenge the Indiana case law holding that for a defen-

dant's guilty plea to be voluntary a trial court is only required to inform defendants of the rights that they are waiving as outlined in Ind.Code § 35–35–1–2, and that, therefore, a trial court is not required to inform the defendant that he is waiving his right to appeal. *Silvers v. State*, 499 N.E.2d 249, 252 (Ind. 1986); *Garcia v. State*, 466 N.E.2d 33, 34 (Ind.1984); *Albright v. State*, 463 N.E.2d 270, 272 (Ind.1984). We believe this case presents a situation distinct from those cases, however, because Lineberry was not left unaware that he was waiving his right to appeal. Instead, he was specifically told that he had could reserve his right to appeal, when he clearly could not reserve that right. *See Ford*, 618 N.E.2d at 38–39; *supra* Part I.

charges being dismissed. The State provides no citation to authority to support this argument, and we find this argument lacking in light of the fact that the State quoted authority suggesting that the unfulfilled promise only had to be part of the inducement to plead guilty. Appellant's brief, p. 5 (citing *Wright v. State*, 700 N.E.2d 1153, 1155 (Ind.Ct.App.1998)). Moreover, the record leaves little doubt in our minds that the promise that Lineberry could appeal the denial of the motion to dismiss was the primary inducement that led him to plead guilty. *See infra* n. 7. Therefore, the State's second argument also fails.

Lineberry's defense counsel, the prosecutor, and the trial court all led Lineberry to believe that he could appeal the denial of his motion to suppress after he pled guilty when, in fact, he would have no right to appeal that decision after pleading guilty. We did not find any evidence in the record to support a contrary finding. Lineberry's plea was induced by the unfulfillable promise that he could appeal the denial of his motion to suppress, and therefore the plea was involuntary. The post-conviction court erred when it failed to grant Lineberry relief by allowing Lineberry to withdraw his guilty plea. *See, e.g., Crose v. State*, 482 N.E.2d 763, 766–769 (Ind.Ct.App.1985) (holding that while defendant was not entitled to specific performance of his plea agreement, he "would have been entitled to withdraw his guilty plea" if he had challenged the plea in the appropriate setting).

For the foregoing reasons, the judgment of the post-conviction court is reversed. We remand with instructions for the post-conviction court to grant Lineberry's request that he be allowed to withdraw his guilty plea.

Reversed and remanded.

MATHIAS, J., concurs.

SULLIVAN, J., concurs with separate concurring opinion.

SULLIVAN, Judge, concurring.

The majority reaches the only result appropriate in this case-vacation of the guilty plea conviction. I am not sure, however, that the conclusion as to the "involuntariness" of the plea is entirely accurate. To be sure, the plea was reversibly tainted. However, I am unable to agree that it was "involuntary." Rather, the plea was conditional, i.e., subject to perfection of an appeal upon the suppression ruling.

Because the plea was conditioned upon occurrence of a future event, it should not have been accepted. If the condition had been fulfilled, the plea could perhaps be validated. But, under the circumstances, the plea may not be held to insulate the State from reversal of the conviction.

I recognize that if the trial court had refused the conditional guilty plea, and if this court had refused to accept jurisdiction over an interlocutory appeal of the suppression ruling, the parties would have been subjected to an arguably needless full-blown trial. Such expenditure of time and resources would seem ill advised in light of Lineberry's willingness to plead guilty, subject only to his suppression argument. In essence, then, an interlocutory appeal upon the merits of the suppression ruling would seem to be essential to a common sense and expeditious resolution of the issues.

This case scenario appears to fall in the procedural cracks created by Ind.Appellate Rule 14. It does not fall within those interlocutory orders from which an appeal may be taken of right pursuant to App. R. 14(A). Furthermore, under App.R. 14(B), the trial court is not required to certify such interlocutory orders for appeal; nor

is the Court of Appeals required to accept such appeals. It would seem appropriate to create some procedural tool to accomplish the task.

Subject to these comments, I concur in the reversal of the conviction.