**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 09 2013, 8:52 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSE DOYLE, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1303-CR-132 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1112-FA-32

**October 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Over the course of an approximately three-year time period in 1995 to 1998, Appellant-Defendant Jesse Doyle, Jr. repeatedly engaged in sexual intercourse with his approximately nine-to-twelve-year-old daughter, E.D. Doyle was subsequently charged with one count of Class B felony incest and one count of Class A felony child molesting. On January 8, 2013, Doyle pled guilty to one count of Class C felony incest. In exchange for Doyle's guilty plea, Appellee-Plaintiff the State of Indiana agreed to downgrade the incest charge from a Class B felony to a Class C felony and to dismiss the Class A felony child molesting charge. The parties agreed that sentencing would be left to the discretion of the trial court.

Prior to the pronouncement of Doyle's sentence, Doyle indicated that he wished to withdraw his guilty plea. The trial court denied Doyle's request and, on February 26, 2013, imposed an eight-year sentence. On appeal, Doyle contends that the trial court abused its discretion in denying his request to withdraw his guilty plea. Doyle also contends that his eight-year sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

The factual basis entered during the January 8, 2013 guilty plea hearing provides that between September 1, 1995 and August 1, 1998, Doyle, a person eighteen years of age or older, engaged in sexual intercourse with E.D., knowing that E.D. was his biological daughter. This sexual abuse of E.D., who was approximately eight to twelve years old at the

time, occurred repeatedly during the alleged time period.[1]

On December 20, 2011, the State charged Doyle with one count of Class B felony incest and one count of Class A felony child molesting. On January 8, 2013, after the jury had been selected but prior to the beginning of trial, the parties filed a "Negotiated Plea Agreement." Appellant's App. p. 65. The trial court conducted a guilty plea hearing during which the parties discussed the plea and set forth a factual basis. Pursuant to the terms of the plea agreement, the State agreed to amend the charging information to reduce the charge of incest from a Class B felony to a Class C felony. Doyle agreed to plead guilty to the Class C felony incest charge. The parties also agreed that sentencing should be left to the sole discretion of the trial court. During the guilty plea hearing, the parties also clarified that the Class A felony child molesting charge would be dismissed in exchange for Doyle's guilty plea. Following the guilty plea hearing, the trial court accepted Doyle's guilty plea and scheduled a sentencing hearing for February 21, 2013.

During the February 21, 2013 sentencing hearing, the trial court heard testimony from E.D. and E.D.'s mother. Both E.D. and her mother testified about how the abuse had negatively affected E.D.'s life and requested that the trial court impose a maximum sentence. At the conclusion of the sentencing hearing, the trial court took the matter under advisement and scheduled a pronouncement hearing for February 26, 2013.

---

[1] E.D. reported the sexual abuse by Doyle after learning that Doyle had molested another child. With respect to the allegations relating to the other child, Doyle was subsequently convicted under Cause Number 15C01-1105-FA-10 ("Cause No. FA-10") of Class A felony attempted child molesting and Class C felony intimidation. Doyle was sentenced to an aggregate term of fifty years. Doyle's Class A felony attempted child molesting conviction was subsequently affirmed on appeal. *See Doyle v. State*, 15A05-1301-CR-39 (Ind. Ct. App. Aug. 14, 2013).

At some point between the February 21, 2013 sentencing hearing and the February 26, 2013 pronouncement hearing, Doyle sent two "Inmate Request Forms" to the trial court in which Doyle indicated that he wished to withdraw his plea. Appellant's App. pp. 73, 81. In addition, during the pronouncement hearing, Doyle's counsel indicated that Doyle wished to withdraw his guilty plea. In making this request, Doyle expressed the belief that his trial counsel had indicated that similar charges that were pending in Ripley County would be dismissed if he pled guilty in the instant matter. Doyle did not present any other evidence in support of his belief. The trial court subsequently denied Doyle's request and continued with the pronouncement hearing. At the conclusion of the pronouncement hearing, the trial court sentenced Doyle to an eight-year term of imprisonment. The trial court further ordered that Doyle's sentence in the instant matter should be served consecutively to the fifty-year sentence imposed in Cause No. FA-10.

## DISCUSSION AND DECISION

### I. Withdrawal of Guilty Plea

Doyle contends that the trial court abused its discretion in denying his request to withdraw his guilty plea. Specifically, Doyle claims that his plea was induced by an illusory promise that charges of a similar nature that were pending in Ripley County would be dismissed if he pled guilty in the instant matter.

A request to withdraw a guilty plea prior to the pronouncement of a sentence is governed by Indiana Code section 35-35-1-4(b). Initially we note that Indiana Code section 35-35-1-4(b) requires that a motion to withdraw a guilty plea be in writing and verified.

4

Doyle did not file a written verified motion to withdraw his guilty plea. Rather he filed two unverified inmate request forms and made an oral statement at the beginning of the pronouncement hearing, expressing his desire to withdraw his guilty plea. Despite Doyle's failure to comply with the requirements of Indiana Code section 35-35-1-4(b), we will nonetheless review Doyle's claims on the merits.

> After entry of a plea of guilty … but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty … for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea.… The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty … whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Ind. Code § 35-35-1-4(b). Doyle does not claim, much less prove, that he has suffered a manifest injustice as a result of pleading guilty. As such, the grant or denial of Doyle's motion was within the discretion of the trial court. *See* Ind. Code § 35-35-1-4(b).

> A trial court abuses its discretion as to plea agreements only "when the failure of the trial court to grant the motion would result in either a manifest injustice to the defendant or in substantial prejudice to the State." *Weatherford v. State*, 697 N.E.2d 32, 34 (Ind. 1998). The trial court's ruling on a motion to withdraw a guilty plea arrives in our Court with a presumption in favor of the ruling. *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995). One who appeals an adverse decision on a motion to withdraw must therefore prove the trial court abused its discretion by a preponderance of the evidence. *Weatherford*, 697 N.E.2d at 34. We will not disturb the court's ruling where it was based on conflicting evidence. *Id*.

*Johnson v. State*, 734 N.E.2d 242, 244-45 (Ind. 2000). Upon review, we will examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was

offered freely and knowingly. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001).

In the instant matter, upon receiving the plea agreement, the trial court conducted a guilty plea hearing. During the guilty plea hearing, the trial court engaged Doyle in the following conversation regarding the knowing and voluntary nature of his guilty plea:

Court: Is it your intention to withdraw your earlier plea of not guilty and enter a plea of guilty here today pursuant to the terms and conditions of this [plea agreement]?

Defendant: Yes, sir.

\*\*\*\*

Court: You have been represented by [trial counsel], are you satisfied with his representation?

Defendant: Yes, sir, I am.

Court: All right. At this time I want to go over this proposed [plea agreement]…again, I will be reviewing that with you at this time. The [plea agreement] says the State of Indiana will amend Count I of the Charging Information to Incest, a Class C Felony, under Indiana Code 35-46-1-2, and I have received a proposed…a Motion to Amend and a proposed Order as well as a proposed Amended Information which would read, "I, [investigating detective], do affirm under penalties for perjury that on or about between September 1, 1995, and August 1, 1998, in Dearborn County, State of Indiana, that you a person eighteen years of age or older, date of birth: 11/18/64, did engage in sexual intercourse with E.D. when Jesse Doyle, Jr. knew that E.D. is related to him biologically as his daughter. All of which is contrary to the form of the statute in such cases and provided, to-wit: Indiana Code 35-46-1-3, and against the peace and dignity of the State of Indiana." These charges are signed by [the investigating detective] and they're approved by the Prosecuting Attorney's office. Any questions about the nature of these allegations?

Defendant: No, sir.

Court: And, [trial counsel], is there any objection to the amendment as proposed?

[Defense Counsel]: No, Your Honor.

Court: The Motion to Amend is granted. The [plea agreement]

|  |  |
|---|---|
|  | again says that you would…continues and says that you would enter a plea of guilty to Amended Count I of the Charging Information, Incest, a Class C Felony, which I've just read to you, and furthermore it says that pursuant to your plea of guilty you would be sentenced by the Court at the sole discretion of the Court pursuant to Indiana sentencing laws. Do you understand that, sir? |
| Defendant: | Yes. |
| Court: | And, sir, this [plea agreement] appears to bear your signature. Did you sign it? |
| Defendant: | Yes, sir, I did. |
| Court: | Did you read it before you signed it? |
| Defendant: | Yes, sir, I did. |
| Court: | Did you discuss it with your attorney? |
| Defendant: | Yes, sir. |
| Court: | Have I correctly stated the terms of this [plea agreement] as you understand them to be? |
| Defendant: | Yes, sir. |
| Court: | Also, I need to advise you that…Counsel, there is a possibility that this sentence could be run consecutive with another sentence. Is that correct? |
| [The State]: | Yes, Your Honor. |
| [Defense Counsel]: | Yes, Your Honor. |
| Court: | Recently imposed by this Court. Concurrent sentencing means that sentences for these different offenses would be served at the same time…that would be concurrent. If they were served consecutive, that means you would serve and complete one sentence, and after you've served and completed one sentence you would then serve and complete the other sentence, they would be served one in addition to the other, they would be stacked on top of each other. Do you understand the difference between concurrent and consecutive sentencing? |
| Defendant: | Yes, sir. |

**\*\*\*\***

|  |  |
|---|---|
| Court: | Okay. Sir, one other thing I do want to clarify with you, is it's my understanding you also have charges of a similar nature pending in Ripley County. Is that correct? |
| Defendant: | Yes, sir. |
| Court: | And, that the issues involving concurrent and consecutive sentencing could very well apply in that jurisdiction as well. Do you understand that? |

| | |
|---|---|
| Defendant: | Yes, sir. |
| Court: | Based upon your conviction here. Do you understand? |
| Defendant: | Yes, sir. |

**\*\*\*\***

| | |
|---|---|
| Court: | Have you or anyone else received any promises besides this [plea agreement] or been given anything of value to have you enter the plea of guilty you're making here today? |
| Defendant: | No, sir. |
| Court: | Has anyone forced or threatened or placed you or anyone else in fear to have you plead guilty to these charges? |
| Defendant: | No, sir. |
| Court: | Is the plea you're offering here today your own free choice and decision? |
| Defendant: | Yes, sir. |
| Court: | Is it still your intention to plead guilty to the charge as amended? |
| Defendant: | Yes, sir. |
| Court: | At this time I need to know, sir, how do you plead to the offense as amended of Incest, a Class C Felony? |
| Defendant: | Guilty, Your Honor. |

Guilty Plea Hr. Tr. pp. 14-21 (second through sixth ellipses in original).

Doyle's statements indicate that Doyle did not expect for the Ripley County charges to be dismissed in light of his plea in the instant matter. The trial court clarified that the instant guilty plea could have sentencing ramifications for the Ripley County charges. Doyle responded affirmatively that he understood that, if he were found guilty of the charged conduct in Ripley County, consecutive sentencing could potentially apply because of his guilty plea in the instant matter. Nothing in the record apart from Doyle's self-serving statements indicates that the parties agreed to or even contemplated the dismissal of the Ripley County charges as a part of Doyle's plea deal.

Furthermore, to the extent that Doyle likens his situation to that discussed in *Lineberry*

8

*v. State*, 747 N.E.2d 1151 (Ind. Ct. App. 2001), we note that the instant matter can easily be distinguished from *Lineberry*. In *Lineberry*, the defendant pled guilty after being promised that he could proceed with the appeal of the denial of his motion to suppress certain evidence from trial. The evidence demonstrated that both the defense and the State acknowledged that this promise was made to the defendant despite the fact that the defendant's guilty plea would render any such appeal moot. 747 N.E.2d at 1156-57. Again, in the instant matter, unlike in *Lineberry*, there is no evidence supporting Doyle's self-serving claim that his plea was improperly induced by a promise that the Ripley County charges would be dropped.

The court's questions to Doyle during the above-quoted conversation between Doyle and the trial court suggest an appropriate attempt to probe beneath the surface of the plea agreement and, if not elicit Doyle's true motivation for pleading guilty, at least determine that the plea was knowing and voluntary. In addition, Doyle's statements during said conversation adequately demonstrate that Doyle voluntarily and knowingly pled guilty. As such, we conclude that the trial court acted within its discretion in denying Doyle's request to withdraw his guilty plea.

## II. Appropriateness of Sentence

Doyle also contends that his eight-year sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the

9

facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of Doyle's offense, the record demonstrates that Doyle repeatedly compelled his then-nine-to-twelve-year-old daughter, E.D., to engage in sexual intercourse. Doyle violated a position of trust by repeatedly sexually abusing E.D. E.D. testified at the sentencing hearing about how Doyle's actions had negatively affected her life. Specifically, E.D. stated the following:

> Over the course of my young life there have been events that have left me feeling emotionally, physically and socially withdrawn from the world. Those events have unfortunately been caused by my so-called father. He has not only degraded me by dirty acts, but has left me scared and uncomfortable…not only with myself, but at the time with my family and friends. As a young girl in my pre-teen years I was threatened into believing he would hurt me or my family, and out of fear I never spoke a word, that is when I became angry and hated the times he felt compelled to keep me away from a world that he deemed beneath him. It hurt me to no end growing up and not being able to indulge in things kids my own age were doing.… Going to school wasn't always a good thing, there were times that I kept to myself and felt out of place.… At the time I was afraid to speak of these events to anybody, and with that I live everyday with this anger believing the consequences from not telling, but what I've come to realize is that my family would have believed me and stood by me and made it all right. I also go through every day with embarrassment and shame for the fact of what exactly happened and by the hands of my so-called father, a father that is supposed to love, cherish and protect their child. I don't see where it says to molest, hurt or abuse them.… All these feelings and haunted words have been unspoken for too long. To feel shame…not just for me, but my family who never knew, and siblings who were just as scared as

10

me to speak up, more shame follows in the respect of a sister who later fell under the same abuse after mine began, and a brother who knew his dad's dark secrets and never knew how to help his sisters.

Sent. Tr. pp. 33-35 (first and last ellipses in original). Doyle, for his part, claims that while his actions were "distasteful," they are of the type "one would expect" for a charge of incest. Appellee's Br. P. 10. We disagree and note that we find Doyle's actions to be nothing short of deplorable.

With respect to Doyle's character, Doyle claims that, notwithstanding his convictions for and pending charges relating to child molestation, his criminal history is relatively minor. Doyle argues that because he is someone who "struggles with a problem that has never been treated and he's never before been sent to prison," Appellant's Br. Pp. 10-11, his character is such that would warrant an advisory sentence. We disagree.

The record demonstrates that Doyle is a repeat child molester. In addition to the instant conviction, Doyle's criminal record also includes a conviction for Class A felony attempted child molesting and pending charges in Ripley County for Class A felony child molesting and Class B felony incest. There are also allegations of uncharged acts of child molestation against Doyle's other daughter. Doyle's criminal history also includes prior convictions for Class A misdemeanor operating a vehicle while intoxicated, Class D felony intimidation, and Class C felony intimidation. This criminal history does not reflect positively on Doyle's character.

In light of the deplorable nature of Doyle's criminal actions as well as Doyle's history of being a repeat child molester, we conclude that Doyle's eight-year sentence is wholly

11

appropriate.

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.