## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 13 2015, 10:04 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Joel Williams | Gregory F. Zoeller |
| Greencastle, Indiana | Attorney General of Indiana |
| | |
| | Ellen H. Meilaender |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joel Williams, | August 13, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Cause No. 18A02-1408-PC-554 |
| v. | Appeal from the Delaware Circuit Court |
| | Cause No. 18C01-0107-CF-45 |
| State of Indiana, | |
| *Appellee-Respondent.* | The Honorable Marianne Vorhees, Judge |

**Barnes, Judge.**

# Case Summary

[1] Joel Williams appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

# Issue

[2] Williams raises one issue, which we restate as whether his guilty plea was involuntary.

# Facts

[3] In July 2001, the State charged Williams with Class A felony possession of cocaine, Class B felony burglary, two counts of Class B felony robbery, and two counts of Class B felony criminal confinement under Cause No. 18C01-0107-CF-45. A separate civil forfeiture action regarding some property seized as a result of Williams's arrest was instituted under Cause No. 18C02-0107-MI-65.[1]

[4] At a change of plea hearing, Williams's counsel noted that the parties had reached a plea agreement but that the agreement had not been reduced to writing. Williams's counsel then stated:

> Judge, the agreement is that the State of Indiana would dismiss count one (1), that's possession of cocaine, a class 'A' felony. In exchange for that, the Defendant would plead guilty to count two (2), three (3), four (4), five (5), and six (6). On sentencing, there would be a forty (40) year cap meaning the Defendant could not be sentenced to more

---

[1] Williams asserts without citation to authority that the forfeiture action was closed prior to the change of plea hearing.

than forty (40) years. There is also some property that was seized and there is an agreed resolution of the civil forfeiture action that could be filed and that resolution is that the Defendant's car and one half (1/2) of the money that was seized from the Defendant's apartment would be returned to Marilyn Hopson.

Petitioner's Ex. A p. 3. The deputy prosecutor agreed with Williams's counsel's description of the agreement and stated: "The civil part of it, or what could have been the civil part of it was negotiated by Mr. McKinney. He handles those matters in our office, that that's what he told me that he agreed to." *Id.* at 3-4. The trial court asked Williams, "[I]s that what you agree to?" and Williams said, "Yes sir it is Your Honor." *Id.* at 4. The trial court proceeded with the guilty plea hearing, and the seized property was not mentioned again.[2] The trial court imposed an aggregate forty-year sentence.

[5]     In October 2002, Williams filed a motion to enforce the plea agreement, arguing that the State had failed to return his seized vehicle and cash. The Chronological Case Summary does not show a resolution of this motion. Williams also filed a motion for return of his property in October 2009. The trial court struck the request, finding that Circuit Court No. 2 had jurisdiction over the request because the forfeiture action had been filed under Cause No. 18C02-0107-MI-0065.

---

[2] We note that, although Indiana Code Section 35-35-3-3 requires that a prosecutor submit a plea agreement on a felony charge in writing to the trial court, there was no written plea agreement here.

Williams filed a petition for post-conviction relief in February 2003, but later received permission to pursue a belated appeal, which he did in 2010. In his direct appeal, Williams challenged his sentence, and we affirmed. *See Williams v. State*, No. 18A05-1002-CR-52, slip op. at 7 (Ind. Ct. App. Oct. 29, 2010). In August 2011, Williams filed an amended petition for post-conviction relief, raising ineffective assistance of trial and appellate counsel claims and arguing that his guilty plea was involuntary and that his sentence violated the prohibition against double jeopardy. With respect to the voluntariness argument, Williams contended that his guilty plea was involuntary because the State had breached the plea agreement by failing to return his property.

After an evidentiary hearing, the post-conviction court concluded that Williams had waived his claims except for his argument that his guilty plea was involuntary. However, the post-conviction court concluded that Williams had failed to demonstrate that his guilty plea was involuntary. Williams now appeals.

## Analysis

Williams argues that the post-conviction court's denial of his petition is clearly erroneous. A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition. *Pruitt v. State*, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-conviction Rule 1(6)). "The findings must be supported by facts and the conclusions must be supported by the law." *Id.* Our review on appeal is limited to these findings and conclusions.

*Id.* Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment. *Id.* (citing P-C.R. 1(5)). "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'" *Id.* (quoting *Allen v. State*, 749 N.E.2d 1158, 1164 (Ind. 2001), *cert. denied*). Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Id.*

[9] Williams argues that part of his guilty plea included the return of property that was subject to a forfeiture action and that the State failed to do so. Williams argues that this alleged breach results in the guilty plea being involuntary. He requests "specific performance" of the plea agreement or, alternatively, a withdrawal of his guilty plea.

[10] A trial court is bound by the terms of the plea agreement that it accepts. *Lineberry v. State*, 747 N.E.2d 1151, 1155 (Ind. Ct. App. 2001). "[D]efendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief." *Id.* at 1156. "If a prosecutor made a promise to a defendant, and that promise comprised part of the inducement or consideration for the plea agreement, then that promise must be fulfilled because the breach of such a promise would render the defendant's guilty plea involuntary." *Id.* (citing *Ryan v. State*, 479

N.E.2d 517, 519 (Ind. 1985), and *Santobello v. New York*, 404 U.S. 257, 263, 92 S. Ct. 495, 499 (1971)).

[11]  Voluntariness "focuses on whether the defendant knowingly and freely entered the plea, in contrast to ineffective assistance, which turns on the performance of counsel and resulting prejudice." *Cornelious v. State*, 846 N.E.2d 354, 358 (Ind. Ct. App. 2006), *trans. denied*. In assessing the voluntariness of a plea, we review all of the evidence before the post-conviction court, including testimony given at the post-conviction hearing, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits that are a part of the record. *Id.* at 357-58.

[12]  The post-conviction court rejected Williams's argument for several reasons. One reason was that Williams had failed to present any evidence that the property was not returned to him. We agree. At the evidentiary hearing, Williams failed to present evidence demonstrating that the State did not comply with the alleged agreement. Williams testified but did not mention the disposition of the property. Further, the alleged agreement called for the property to be given to Marilyn Hopson, and Williams did not call Hopson to testify. Williams failed to meet his burden of proof.

[13]  Even if we assume that the property was not returned to Williams, his argument still fails. The post-conviction court concluded that the alleged agreement regarding the property was separate from the plea agreement. The evidence supports the post-conviction court's conclusion. The property

forfeiture action was initiated under a different cause number than the criminal charges. At the guilty plea hearing, after discussing the plea agreement of the criminal charges, Williams's attorney said:

> There is also some property that was seized and there is an agreed resolution of the civil forfeiture action that could be filed and that resolution is that the Defendant's car and one half (1/2) of the money that was seized from the Defendant's apartment would be returned to Marilyn Hopson.

[14] Petitioner's Ex. A at 3. The deputy prosecutor agreed with Williams's counsel's description of the agreement and stated: "The civil part of it, or what could have been the civil part of it was negotiated by Mr. McKinney. He handles those matters in our office, that that's what he told me that he agreed to." *Id.* at 3-4. These statements indicate that any agreement reached with respect to the property forfeiture issues was separate from the plea agreement.[3] Williams's efforts to enforce the alleged property forfeiture agreement in this action fail. The post-conviction court's conclusion is not clearly erroneous.[4]

---

[3] The State points out that Williams included a document in his appendix entitled "Confidential Settlement Agreement," which was signed by Williams's counsel and counsel for the drug task force but not by Williams, was dated October 2002, after the guilty plea hearing, and concerned disposition of the property at issue. Appellant's App. p. 27. That document was not admitted into evidence during the post-conviction hearing, and it is not properly before us for our consideration.

[4] The post-conviction court also concluded that the alleged agreement with respect to the property was not material to Williams's decision to plead guilty. Williams argues that this conclusion is clearly erroneous, but given our resolution of the other arguments, we need not address this contention.

# Conclusion

The post-conviction court's denial of Williams's petition for post-conviction relief is not clearly erroneous. We affirm.

Kirsch, J., and Najam, J., concur.